# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| THE COFFEECONNEXION | ) | |
| COMPANY, INC. d/b/a | ) | |
| FOOD CONCEPTS | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: _____ |
| | ) | |
| BENJAMIN FOODS, LLC, | ) | |
| DAVID SALIB, and | ) | |
| HOWARD KLAYMAN, | ) | |
| | ) | |
|     Defendants. | ) | |

## C O M P L A I N T

COMES NOW the Plaintiff, the Coffeeconnexion Company, Inc. d/b/a Food Concepts, by and through counsel, and for a Complaint against the Defendants alleges as follows:

PARTIES

1.      Plaintiff The Coffeeconnexion Company, Inc. d/b/a Food Concepts ("Food Concepts") is a Tennessee corporation with its principal place of business located at 216 E. Main Street, Lebanon, Tennessee 37087.

2.      Defendant Benjamin Foods, LLC, ("Benjamin Foods") is a Pennsylvania limited liability company located at 1001 South York Road, Hatboro, Pennsylvania 19040.

3.      Defendant David Salib ("Salib") is Chief Operating Officer of Benjamin Foods, LLC, and may be served at the address of the corporation.

4.      Defendant Howard Klayman ("Klayman") is Chief Executive Officer of Benjamin Foods, LLC, and a Pennsylvania resident who may be served at the address of the corporation.

1

5.      This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 as the amount in controversy is in excess of $75,000.00, and the Plaintiff, and Defendants, are citizens of different states.

6.      This Court has venue of this action pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7.      Plaintiff Food Concepts is in the business of supplying dry mix drink and related products to correctional facilities and other institutional customers.

8.      Defendant Benjamin Foods entered into two contracts with Plaintiff Food Concepts. The first contract is a Key Account Distribution Agreement in which Food Concepts delivered grits and related products to a warehouse for further deliver to correctional facilities by Benjamin Foods. (Exhibit A, Key Account Distribution Agreement) The parties agreed to venue in Tennessee in the Key Account Distribution Agreement. The second contract is a Distribution Agreement in which Food Concepts delivered dry mix drink, sauces, and related products to a warehouse for further deliver to correctional facilities by Benjamin Foods. (Exhibit B, Distribution Agreement)

9.      Payment terms were "net 30," giving Benjamin Foods thirty (30) days to pay Food Concepts for each shipment of products delivered to full fill the needs of the correctional facilities.

10.     Defendant Benjamin Foods did not pay the amounts owed within the 30 day period. Defendant Benjamin Foods' currently has outstanding unpaid orders that total Eighty Thousand Five Hundred Eight Dollars and 40/100 Dollars ($80,508.40). (Collective Exhibit C, outstanding orders).

11.     After delivering products, Defendant Salib refused to allow Food Concepts to pick up the products and deliver them to the correctional facilities who ultimately use the products. On information and belief, Food Concepts covered this breach contract through other vendors.

12.     On information and belief, Defendants Salib and Klayman made payments to others and to themselves on behalf of Defendant Benjamin Foods during the time period when Defendant Benjamin Foods was obligated to Plaintiff Food Concepts to pay for the delivered product.

13.     Plaintiff Food Concepts, by and through counsel, demanded payment from Defendant Klayman and Defendant Benjamin Foods.  The Defendants made no response.

## COUNT I - BREACH OF CONTRACT

14.     Plaintiff Food Concepts incorporates by reference the allegations contained in paragraphs 1-13.

15.     Defendant Benjamin Foods breached its contractual obligation to pay Plaintiff Food Concepts under the terms of the purchase orders and the agreements, and Plaintiff Food Concepts seeks compensatory damages in the amount of $80,508.40, pre-judgment interest, and  attorney fees as provided in Paragraph 15(a) of the Distribution Agreement.

## COUNT II - UNJUST ENRICHMENT

16.     Plaintiff Food concepts incorporates by reference the allegations contained in paragraphs 1- 15.

17.     Plaintiff Food Concepts conferred a benefit on Defendant Benjamin Foods by covering the deliveries of products from Defendant Benjamin Foods to correctional facilities so that the food source to the inmates in these correctional facilities was not disrupted.

18.     Defendant Benjamin Foods refused to allow Food Concepts to pick up its product from the Pennsylvania warehouse and deliver it to the end users causing the product in some instances to exceed the last date recommended for the use of the product while at peak quality, and further causing Food Concepts to incur the additional cost of full filling the supply obligations to the correctional facilities that Defendant Benjamin Foods was required to service.

3

19.     Defendant Benjamin Foods was unjustly enriched by the value of the products supplied directly by Food Concepts to the correctional facilities that were under contract to be supplied by Defendant Benjamin Foods. It would be inequitable for Defendant Benjamin Foods to retain these benefits without paying the amounts owed to Plaintiff Food Concepts.

## COUNT III - NEGLIGENT MISREPRESENTATION

20.     Plaintiff incorporates by reference the allegations contained in paragraphs 1-19.

21.     Defendant Salib represented to Plaintiff Food Concepts that Defendant Benjamin Foods intended to make payments to Plaintiff Food Concepts for the products purchased by Defendant Benjamin Foods.

22.     In reality, Defendants knew that it would not make payments to Plaintiff Food Concepts. Defendants intended that this information would guide Plaintiff Food Concepts in refraining from taking any action to collect prior to the transfer of assets from Benjamin Foods to Defendants Salib, Klayman, and to others.

23.     Because of the contractual and business relationship between Defendant Benjamin Foods and Plaintiff Food Concepts, Defendant Benjamin Foods had a duty to refrain from deceiving Plaintiff Food Concepts as to its intent to make payments on the amounts owed.

24.     Plaintiff Food Concepts relied upon Defendant Benjamin Foods' misrepresentations that it would make payments on the amounts owed, and in good faith, Plaintiff Food Concepts delayed its efforts to obtain payment based upon Defendant Benjamin Foods' misrepresentations.

25.     Defendants failed to exercise reasonable care when they communicated to Plaintiff Food Concepts that payments would be made as owed.

26.     Plaintiff Food Concepts was justified in relying upon Defendant Benjamin Foods' misrepresentation because of the long-standing business relationship between Plaintiff Food

Concepts, the holder of the master supply agreement with the correctional facilities, and Defendant Benjamin Foods.

27. As a result of Defendants' misrepresentations, Plaintiff Food Concepts suffered damage in the amount of product delivered, plus the value of the product used to cover the timely distributions of product that Defendant Benjamin Foods failed to make to correctional facilities, plus the value of lost business.

## COUNT IV - FRAUDULENT MISREPRESENTATION

28. Plaintiff incorporates by reference the allegations contained in paragraphs 1- 27.

29. Defendant Salib represented to Plaintiff Food Concepts that Defendant Benjamin Foods intended to make payments to Plaintiff Food Concepts for the products purchased by Defendant Benjamin Foods.

30. In reality, Defendant Benjamin Foods knew that it would not make payments to Plaintiff Food Concepts because it was closing one or more of its warehouse facilities and laying off workers.

31. On information and belief, Defendant Benjamin Foods intended Plaintiff Food Concepts to rely on its misrepresentations in order to delay Plaintiff Food Concepts from taking steps to collect the amounts owed until after Defendant Benjamin Foods dissolved.

32. Plaintiff Food Concepts relied upon Defendant Benjamin Foods' misrepresentations that it would make payments on the amounts owed Plaintiff Food Concepts.

33. Plaintiff Food Concepts was justified in relying upon Defendant Benjamin Foods' misrepresentation because of the long-standing business relationship between Plaintiff Food Concepts, the holder of the master supply agreement with the correctional facilities, and Defendant Benjamin Foods.

34.     As a result of Defendant Benjamin Foods' misrepresentation, Plaintiff Food Concepts suffered damage in the amount of product delivered, plus the value of the product used to cover the timely distributions of product that Defendant Benjamin Foods failed to make to correctional facilities, plus the value of lost business.

**COUNT V - VOIDABLE CONVEYANCE**

35.     Plaintiff incorporates by reference the allegations contained in paragraphs 1-34.

36.     Pursuant to the Pennsylvania Uniform Voidable Transactions Act § 5104-5105, every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is voidable as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration.

37.     Under the Pennsylvania Uniform Voidable Transactions Act § 5104-5105, every conveyance made without fair consideration when the person making it is engaged or is about to engage in a business or transaction for which the property remaining in his hands after the conveyance is an unreasonably small capital, is voidable as to creditors and as to other persons who become creditors during the continuance of such business or transaction without regard to his actual intent.

38.     On information and belief, Defendant Benjamin Foods made distributions to other vendors as a preference over Food Concepts.

39.     On information and belief, Defendants Salib and Klayman caused Defendant Benjamin Foods to make distributions to Defendants Salib and Klayman in amounts in which the value of these distributions exceeded the value of the services.

40.     As a result of these distributions, Defendant Benjamin Foods lacked sufficient funds to pay the amounts owed to Plaintiff Food Concepts. Such actions were taken in violation of the

6

Pennsylvania Uniform Voidable Transactions Act.

41. The distributions from Defendant Benjamin Foods to Defendant Salib rendered Defendant Benjamin Foods insolvent.

42. As a result of the voidable transfers made by Defendants Salib and Klayman from Defendant Benjamin Foods, Plaintiff Food Concepts suffered consequential damages in the amount of $80,508.40, plus incidental damages for the product required to cover delivery to the end user. Plaintiff seeks restoration of reasonably equivalent value for these damages.

## COUNT VI - PIERCE THE CORPORATE VEIL

43. Plaintiff incorporates by reference the allegations contained in paragraphs 1-42.

44. On information and belief, Defendant Klayman and his family are the members of Defendant Benjamin Foods.

45. Under the auspices of Defendant Benjamin Foods, Defendants Klayman and Salib made distributions to themselves and to others which left Defendant Benjamin Foods insolvent and unable to pay the amounts owed to Plaintiff Food Concepts.

46. Under the auspices of Defendant Benjamin Foods, Defendant Salib made multiple misrepresentations to Plaintiff Food Concepts by stating that Defendant Benjamin Foods intended to pay the amounts owed to Plaintiff Food Concepts.

47. As the executive officers of Benjamin Foods, Defendants Klayman and Salib exercised complete control over Defendant Benjamin Foods.

48. Defendants abused the corporate privilege by fraudulently distributing assets of Defendant Benjamin Foods to others, selling some of the product delivered by Food Concepts without paying, and making intentional misrepresentations through Defendant Benjamin Foods, all in contravention of the right of Food Concepts to be compensated on their invoices and preventing

7

Food Concepts from meeting delivery deadlines to correctional facilities.

49. Defendants actions proximately caused loss to Plaintiff Food Concepts.

50. The corporate veil should be pierced to hold Defendant Klayman personally liable for Defendant Benjamin Foods' obligations owed to Plaintiff Food Concepts.

PRAYER FOR RELIEF

WHEREFORE, Food Concepts prays for judgment against the Defendants as follows:

A. issue process and require the Defendants to answer or plead as required by the Federal Rules of Civil Procedure;

B. entry of judgment in favor or Food Concepts against Benjamin Foods on all claims for relief;

C. an order awarding Food Concepts damages in an amount over $75,000.00 that it has sustained as a result of Benjamin Foods's breaches in an amount according to proof;

D. an order of restitution in the amount equal to the reasonable value of the goods and services Food Concepts provided to correctional facilities which benefitted Benjamin Foods;

E. an order of judgment in favor of Food Concepts against Defendants Salib and Klayman for negligent misrepresentation and fraudulent misrepresentation together with a finding of incidental damages, consequential damages, and punitive damages according to proof;

F. an order finding that transactions with other vendors and with Defendants Salib and Klayman are voidable transaction under the Pennsylvania Uniform Voidable Transactions Act §5104-5105;

G. an order of piercing the corporate veil making Defendant Klayman personally liable for the the judgment entered against Benjamin Foods, LLC;

H. prejudgment interest at the statutory rate from the time payments came due;

8

I.    an order awarding Plaintiff Food Concepts reasonable costs and attorney's fees as provided in the Distribution Agreement and under Pennsylvania law.

J.    for a jury to hear this cause; and,

K. any and all other legal and equitable relief as may be available under law the Court may deem proper and just.

Respectfully submitted,

EQUITUS LAW ALLIANCE, PLLC


     /s/ John A. Beam
John A. Beam, III, BPR #11796
Desireé J.C. Goff, BPR #31136
Attorneys for Plaintiff Food Concepts
709 Taylor Street
P.O. Box 280240
Nashville, TN   37228
(615) 251-3131
beam@equituslaw.com
goff@equituslaw.com