IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THE COFFEECONNEXION COMPANY, INC. d/b/a FOOD CONCEPTS<br><br>    Plaintiff,<br><br>v.<br><br>BENJAMIN FOODS, LLC, DAVID SALIB, and HOWARD KLAYMAN,<br><br>    Defendants. | Case No. 3:19-cv-01134<br><br>JUDGE CAMPBELL<br>MAGISTRATE JUDGE NEWBERN |

## MEMORANDUM

Pending before the Court is Defendants' Motion to Compel Arbitration and Dismiss Plaintiff's Amended Complaint on behalf of Defendants Benjamin Foods, LLC, David Salib, and Howard Klayman. (Doc. No. 30). Through the motion, Defendants seek to compel arbitration, or in the alternative, dismiss the Amended Complaint on the grounds of *forum non conveniens*, lack of personal jurisdiction, and failure to state a claim. Plaintiff filed a response (Doc. No. 35) and Defendants filed a reply (Doc. No. 40).

For the reasons stated below, Defendants' Motion to Dismiss is **GRANTED**.

### I. BACKGROUND

Plaintiff Coffeeconnexion Company, Inc. d/b/a Food Concepts is a Tennessee company involved in the manufacture and supply of dry mix products ("just add water") to correctional and other institutional facilities. (Id. ¶ 1, 7). Defendant Benjamin Foods ("Benjamin") is a Pennsylvania company engaged in food distribution and wholesale supply. (Compl., ¶ 2). Defendant Howard

1

Klayman is Benjamin's Chief Executive Officer and Defendant David Salib was the Chief Operating Officer. (Compl., ¶¶ 2, 4).

On November 19, 2018, Benjamin and Food Concepts entered into a distribution agreement (the "Agreement") under which Benjamin agreed to distribute dry mix spaghetti sauce and cream sauce provided by Food Concepts. (Doc. No. 30-3). Pursuant to the Agreement, Plaintiff shipped sauces to Benjamin valued at $50,254.40. (Doc. No. 23-1). Plaintiff also shipped various beverage mixes to Benjamin valued at $30,254.00. (*Id.*).

Benjamin did not pay the invoiced amount for the shipments and Plaintiff filed this action. Defendants filed a motion to compel arbitration, or, in the alternative, to dismiss the case on grounds of *forum non conveniens*, lack of personal jurisdiction, and failure to state a claim.

## II. ANALYSIS

Defendants seek an order compelling Plaintiff to arbitration the claims in this case or, in the alternative, dismissing the case on grounds of *forum non conveniens* because the Agreement between the parties contains an arbitration clause and a choice of venue in Montgomery County, Pennsylvania. Plaintiff argues the arbitration and forum selection clauses are void because the Agreement was terminated. Plaintiff reasons that because the Agreement specified obligations that survive termination and the arbitration and forum selection clauses were not among those specified post-termination obligations, they are void. In addition, Plaintiff argues that even if the arbitration provision or forum selection clause are not void, the Agreement only covers dry mix spaghetti sauce and cream sauce and does not apply to the remaining products in the unpaid invoices.

The Court finds application of the principles of *forum non conveniens* to be dispositive and accordingly, will address only that portion of the motion. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Co.*, 549 U.S. 422, 432 (2007) ("A district court may dispose of an action by a *forum non*

2

*conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant."); s*ee also*, *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991) (declining to address personal jurisdiction when forum selection clause was dispositive); *Kryvicky v. Scandinavian Airlines Sys*., 807 F.2d 514, 516 (6th Cir. 1986) (holding that it was not error for the district court to decide *forum non conveniens* motions before resolving issues of personal jurisdiction).

### A. The Forum Selection Clause Is Not Void

The Agreement contains the following mandatory forum selection clause:

> Controlling Law: This Agreement's validity, construction, and performance shall be governed by the laws of the Commonwealth of Pennsylvania with venue and jurisdiction in Montgomery County Pennsylvania. …

(Doc. No. 30-3). Plaintiff argues that only specified obligations survived termination of the agreement; and that the forum selection clause is not among those specified obligations and is, therefore, void.

The parties do not dispute that the contract is governed by the laws of Pennsylvania. Pennsylvania applies the "firmly settled" rule that "the intent of the parties to a written contract is contained in the writing itself." *Bohler-Uddeholm Am., Inc. v. Ellwood Grp., Inc*., 247 F.3d 79, 93 (3d Cir. 2001) (quoting *Krizovensky v. Krizovensky*, 624 A.2d 638, 642 (Pa. 1993)). "[W]here language is clear and unambiguous, the focus of interpretation is upon the terms of the agreement as manifestly expressed, rather than as, perhaps, silently intended." *Id*. (quoting *Steuart v. McChesney*, 444 A.2d 659, 661 (Pa. 1982)). "Clear contractual terms that are capable of one reasonable interpretation must be given effect without reference to matters outside the contract." *Id*. (citing *Kirzovensky*, 624 A.2d at 642). The parties have not argued that the terms of the Agreement are ambiguous. Accordingly, the Court will confine its analysis to the four corners of the agreement.

Pennsylvania courts have consistently rejected the argument advanced by Plaintiff that the forum selection clause does not survive termination of an agreement. *AAMCO Transmissions, Inc. v. Romano*, 42 F. Supp. 3d 700, 707 (E.D. Pa. 2014); *see also* Corbin on Contracts § 67.2, at 12 (rev. ed. 2003) ("Although termination and cancellation of an agreement extinguish future obligations of both parties to the agreement, neither termination nor cancellation affect those terms that relate to the settlement of disputes or choice of law or forum selection clauses."). Moreover, "[c]ourts have upheld the applicability of forum selection clauses even where the termination provision of the contract expressly provides for the survival of certain enumerate provisions but not the forum selection clause." *AAMCO*, 42 F. Supp. 3d at 707 (collecting cases); *see also*, *TriState HVAC Equip., LLC v. Big Belly Solar, Inc.*, 752 F. Supp. 2d 517, 535 (E.D. Pa. 2010) ("The exclusion of the forum-selection clause from the 'survival' clause … does not evidence a clear intent that, upon termination of the agreement, the forum-selection clause would cease to apply to the terms of the agreement.").

There is no evidence from the terms in the Agreement that the parties intended for the forum selection clause not to survive termination. To the contrary, in the section of the Agreement discussing post termination obligations specifically preserves "all rights and remedies under this agreement in law, equity or otherwise, including injunctive relief." (Doc. No. 30-3 at ¶ 14(c)). This provision evidences an intent to be bound by the remedial provision of the Agreement, such as the choice of law and forum selection clause. Accordingly, the Court finds the parties choice of venue in Montgomery County, Pennsylvania survives termination of the Agreement.

**B.     The Forum Selection Clause is Enforceable**

In diversity suits, the enforceability of forum selection clauses is governed by federal law. *Wong v. Party Gaming, Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009). The court considers the following factors to determine whether a forum selection clause is enforceable: "(1) whether the clause was

4

obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Wong*, 589 F.3d at 828.

Consideration of these factors supports the conclusion that the forum selection clause is enforceable. Plaintiff has not presented any argument that the forum selection clause should not be enforced except as discussed above – that the forum selection clause is void because the agreement was terminated. The Court finds no evidence to indicate that the forum selection clause was obtained by fraud, duress, or other unconscionable means, or that the designated forum would ineffectively or unfairly handle the suit.[1] Nor does Plaintiff argue that bringing suit in Pennsylvania would be so inconvenient as to be unjust.

**C.**     ***Forum Non Conveniens***

If the forum selection clause points to a state or foreign forum, the appropriate way to enforce the choice of forum is through the doctrine of *forum non conveniens*.[2] *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for W.D. Tex.*, 571 U.S. 49 (2013). The doctrine of *forum non conveniens*

---

[1] The Complaint alleges "Food concepts signed the agreement which stated that venue was in Tennessee, and when the agreement was returned to Food Concepts, the agreement was changed and reflected Pennsylvania as the venue for resolving disputes." (Doc. No. 23 at ¶ 9). This allegation is contradicted by the affidavit of John A. Beam, the attorney for Food Concepts who prepared the agreement. (*See* Doc. No. 37 at ¶3) (confirming that the parties selected Pennsylvania as the forum). Plaintiff has not argued in response to the pending motion that the forum selection clause was procured through fraud or duress.

[2] Plaintiff cites the federal statute for transfer of venue to another federal district, 28 U.S.C. § 1404(a), but does not argue that the forum selection clause in the Agreement points to a federal rather than state forum. The analysis under § 1404(a) and the doctrine of *forum non conveniens* is identical. *Atlantic Marine*, 571 U.S. at 61 ("Because both §1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum.").

requires the court to establish an adequate alternative forum, weigh the relevant public and private interests, and give deference to the Plaintiff's choice of forum. *Wong*, 589 F.3d 830. The plaintiff "as the party defying the forum selection clause, …bears the burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Atlantic Marine*, 571 U.S. at 63.

The existence of a forum selection clause, which "represents the parties' agreement as to the most proper forum" changes the analysis. *Atlantic Marine*, 571 U.S. at 63. First, the plaintiff's choice of forum merits no weight. Second, instead of balancing the relevant public and private interests, the court should only consider public-interest factors and not the parties' private interests. *Id.* at 63-64. "The public factors include court congestion, local interest in the matter, interest in having the trial at home with the law that governs, avoidance of conflict-of-law problems…, and unfairness in burdening the local citizenry with jury duty." *Wong*, 589 F.3d at 832. Because public-interest factors will "rarely defeat a transfer motion, the practical result is that forum selection clauses should control except in unusual cases." *Atlantic Marine*, 571 U.S. at 64.

Plaintiff does not address any of the *forum non conveniens* factors, arguing only that the forum selection clause is void. There is no dispute that Pennsylvania courts are an adequate forum. The interest of the public weighs in favor of Pennsylvania as a forum. The Complaint brings state law claims that, under the Pennsylvania choice-of-law provision in the Agreement, are arguably better handled by courts in Pennsylvania. Pennsylvania has an interest in the claims in this case – Benjamin is a Pennsylvania company, based in Montgomery County, Pennsylvania, and Defendants Salib and Klayman are residents of Pennsylvania.

Applying the relevant factors, the court finds that enforcement of the forum selection clause is appropriate for the claims arising under the Agreement. Accordingly, the claims arising out of

6

the sale of products covered by the Agreement – dry mix spaghetti sauce and dry mix cream sauce – will be dismissed without prejudice under the doctrine of *forum non conveniens*.

**C. Claims Unrelated to the Agreement**

As discussed above, only a portion of Plaintiff's claims arise out of the Agreement between the parties. The invoiced amounts not covered by the Agreement total $30,254.00. (*See* Doc. No. 23-1). This remaining amount does not meet the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(a)(1) and these claims will be dismissed without prejudice for lack of subject matter jurisdiction.

### III. CONCLUSION

For the reasons stated, Defendants' Motion to Dismiss is **GRANTED** and the claims in this case are **DISMISSED without prejudice**. An appropriate order will enter.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE